# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**RONALD D. PLUMLEY,**
**Claimant Below, Petitioner**

**FILED**
December 17, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0574** (BOR Appeal No. 2046712)
(Claim No. 2004015080)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**ELK RUN COAL COMPANY, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Ronald D. Plumley, appearing pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Mary Rich Maloy, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 26, 2012, in which the Board affirmed a December 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 8, 2011, decision denying Mr. Plumley's request to add the diagnoses of lower extremity pain and ankle sprain as compensable conditions. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Plumley worked as a maintenance superintendent for Elk Run Coal Company, Inc. On July 3, 2003, he suffered an injury to his low back while lifting and stacking crib blocks. The

1

claim was held compensable for the diagnosis of lumbago. On July 1, 2009, Dr. Baisas opined that Mr. Plumley had reached medical maximum improvement and stated that he had previously found Mr. Plumley to have reached medical maximum improvement for the compensable injury in 2006. On February 28, 2011, Dr. Kim requested leg pain and ankle sprain be added as compensable diagnoses, and opined that these diagnoses were due to the work-related injury of July 3, 2003. On March 8, 2011, the claims administrator denied Mr. Plumley's request to add the diagnoses of lower extremity pain and ankle sprain as compensable conditions.

The Office of Judges affirmed the claims administrator's decision and held that Mr. Plumley's pain and the disability of his lower extremities preexisted the compensable injury of July 3, 2003. It further held that a preponderance of the credible medical evidence failed to establish that the conditions of lower extremity pain and ankle sprain are related to this claim. Mr. Plumley reached maximum medical improvement in 2006 for the July 3, 2003, injury. The Office of Judges determined that given Mr. Plumley's history of compensable injuries, which includes substantial low back injuries and injuries to his lower extremities, that a detailed medical report is needed to explain why the lower extremity pain and right ankle sprain are attributable to the July 3, 2003, injury. The Office of Judges found that Dr. Kim's reports dated August 10, 2006, and February 28, 2011, failed to meet this description.

The Office of Judges concluded that Mr. Plumley did not sustain an ankle sprain on July 3, 2003, and that the record fails to clearly demonstrate when the sprain took place or its circumstances. It further concluded that a connection between the compensable injury and the ankle sprain is not demonstrated by a preponderance of the evidence. The Office of Judges held that Mr. Plumley's pain and disability of his lower extremities preexisted the compensable injury of July 3, 2003, and that a preponderance of the credible medical evidence failed to establish that the conditions of lower extremity pain and ankle sprain are related to this claim. The Board of Review reached the same reasoned conclusions in its decision of April 26, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 17, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

Chief Justice Brent D. Benjamin, Disqualified

2